## FRANK C. LANG, PLAINTIFF, v. ADOLPH KIENDL, DEFENDANT.

*Void assessment — power of the legislature to levy a new assessment for the same amount — it may direct the interest thereon to be included in the new assessment.*

The Court of Appeals having decided that an assessment for a local improvement was void, because the law under which it was made contained no provision for giving notice to the owners of the lands to be assessed, the assessments against certain of the lots were canceled. Subsequently the legislature passed an act directing the board of supervisors of the county where the lands were, to equitably apportion the amount of the canceled assessment, together with interest thereon, upon the said lots, and levy the said amounts on the next assessment roll of the town. It required the board to make the apportionment, but before doing so to publish for ten days in a newspaper a notice stating the time and place at which it would meet to make the apportionment and hear all parties interested in the lands.

*Held,* that the legislature had power to pass the act and that an assessment made thereunder was valid.

CONTROVERSY submitted upon an agreed statement of facts.

The defendant refused to fulfill a contract for the purchase of certain land, on the ground that it was subject to an assessment levied under section 1 of chapter 689 of 1881, which reads as follows:

"The board of supervisors of the county of Kings are hereby authorized and directed to levy on the assessment roll of the town of New Lots, in said county, in and for the year eighteen hundred and eighty-one, on the lands against which assessments for regulating and grading Atlantic avenue, in pursuance of chapter two hundred and seventeen, laws of eighteen hundred and sixty-nine, as amended by chapter six hundred and nineteen, laws of eighteen hundred and seventy, were canceled January twenty-ninth, eighteen hundred and seventy-nine, by the comptroller, and charged to the county of Kings, a sum equitably apportioned among the several parcels comprising said lands, which shall be sufficient to refund to the State of New York the sum its due by reason of such cancellation, which sum, amounting to forty thousand six hundred and sixty-four dollars and ninety-six cents, was duly credited August

twenty-eighth, eighteen hundred and seventy-six, by the comptroller of said State to the treasurer of Kings county, and the interest charged thereon by said comptroller, as required by law, to February first, eighteen hundred and seventy-nine, amounting to eight thousand two hundred and ninety-three dollars and thirty-three cents, together with further interest thereon at six per centum per annum, from February first, eighteen hundred and seventy-nine, to the date of such levy. Before proceeding to levy such sums the said board shall apportion the same among the said several parcels of land hereinbefore mentioned, and said board shall give ten days' notice of the time and place when they will meet to make such apportionment, which notice shall be published daily in a newspaper published in the county of Kings, and all parties interested in said lands shall be entitled to be heard before said board upon the question of said apportionment."

*Guernsey Sackett*, for the plaintiff.

*Chas. M. Earle*, for the defendant.

BARNARD, P. J.:

The legislature, under chapter 217, Laws of 1869, amended by chapter 619, Laws of 1870, authorized a public improvement in Kings county, and an assessment to be levied upon the lands to be benefited thereby.

The public improvement was made and the assessment imposed, but the Court of Appeals held the laws authorizing the improvement to be unconstitutional, because no provision was made for notice to the land owner previous to taxing his property. (*Stuart v. Palmer*, 74 N. Y., 183.) The legislature then passed an act (chap. 689, Laws of 1881) authorizing the board of supervisors of Kings county to levy the amount of the former assessment, with interest, upon the lands against which the former and void assessment was made. The board were required, after notice to the land owner, to apportion the tax upon the several pieces of land. It will be thus seen that the objections taken by the Court of Appeals in 74 New York, 183, has been obviated.

The legislature has an unrestrained constitutional power of taxa-

tion upon giving an opportunity to be heard to the person taxed. Among the objects of taxation are public improvements. The legislature can fix the district of assessment. The apportionment must be made after notice, but when made the tax is a proper one. If a tax for a municipal improvement is invalid, the legislature may levy a new tax instead of authorizing a reassessment. (*Matter of Van Antwerp*, 56 N. Y., 261.) The question of the addition of interest is not important. If the State may tax for a debt, they may tax for the interest upon it. In this case the expenditure was made by legislative direction. The law was invalid. The cost of the improvement is unpaid, with the interest upon it. There seems to be no objection to the validity of the act in question.

The judgment is, therefore, for the defendant upon the submitted case. The defendant is not bound to take the title until the assessment is removed.

No costs to either party as against the other.

GILBERT and DYKMAN, JJ., concurred.

Judgment for the defendant upon the submitted case, without costs to either party.